

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 6, 2013

William W. Fick
Assistant Federal Public Defender
Federal Public Defender Office
51 Sleeper St., 5th Floor
Boston, MA 02210

     Re:    United States v. William Dodge
                 Criminal No. 13-MJ-02022-MBB

Dear Mr. Fick:

     This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, William Dodge ("Defendant"), in the above-referenced case. The Agreement is as follows:

     1.    <u>Change of Plea</u>

     At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Agreement charging him with 18 U.S.C. § 1029(b)(2) (conspiracy to commit access device fraud under 18 U.S.C. § 1029(a)(2)); 18 U.S.C. § 1029(a)(2) (knowingly and with intent to defraud using one or more unauthorized access devices during a one-year period and thereby obtaining anything of value aggregating $1,000 or more and affecting interstate or foreign commerce); and 18 U.S.C. § 1028A (aggravated identity theft). Defendant expressly and unequivocally admits that he committed the crimes charged in the Information, did so knowingly intentionally and willfully, and is in fact guilty of those offenses.

     2.    <u>Penalties</u>

Defendant faces the following minimum mandatory and maximum penalties:

          on Count One (18 U.S.C. § 1029(b)(2) - conspiracy to commit access device fraud), incarceration for 5 years; supervised release for 3 years; a fine of $250,000, or twice the gross pecuniary gain or loss, whichever is greatest; a

mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information;

on Count Two (18 U.S.C. § 1029(a)(2) - knowingly and with intent to defraud using one or more unauthorized access devices during a one-year period and thereby obtaining anything of value aggregating $1,000 or more and affecting interstate or foreign commerce), incarceration for 10 years; supervised release for 3 years; a fine of $250,000, or twice the gross pecuniary gain or loss, whichever is greatest; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information; and

on Count Three (18 U.S.C. § 1028A - aggravated identity theft), incarceration for a mandatory 2 years consecutive to any sentence of incarceration imposed for Counts One and/or Two; supervised release for 1 year; a fine of $250,000, or twice the gross pecuniary gain or loss, whichever is greatest; and mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

Defendant also recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory minimum mandatory and maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

The parties agree with respect to the application of the United States Sentencing Guidelines that:

    (i)    in accordance with U.S.S.G. § 2B1.1(a)(2), Defendant's base offense level is 6, because the statutory maximum term of imprisonment is less than 20

years;

(ii) in accordance with U.S.S.G. § 2B1.1(b)(1)(G), Defendant's offense level is increased by 12, because the loss known to the U.S. Attorney at the time of this Agreement was approximately $368,000, including all the relevant conduct of Defendant and all the relevant conduct of his co-conspirators in furtherance of the conspiracy that was reasonably foreseeable to him;

(iii) in accordance with U.S.S.G. § 2B1.1(b)(2)(B), Defendant's offense level is increased by 4, because in addition to defrauding various credit companies, Defendant and his co-conspirators used the identities of between 50 and 250 people;

(iv) in accordance with U.S.S.G. § 2B1.6 comment. (n. 2), Defendant's offense level is not increased under U.S.S.G. § 2B1.1(b)(11)(B)(i), (C)(i), or (C)(ii) for the transfer, possession, or use of a means of identification;

(v) in accordance with U.S.S.G. § 3B1.1(a), Defendant's offense level is increased by 4, because he was the organizer and leader of a criminal conspiracy that involved at least 5 participants;

(vi) in accordance U.S.S.G. § 2B1.6 and 18 U.S.C. § 1028A, Defendant's sentence of imprisonment on Counts One and Two under the above guideline calculations must be increased by a mandatory consecutive term of 2 years.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by 3 levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offense of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (i)    Transfers any asset protected under any provision of this Agreement; or

    (j)    Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4.    <u>Sentence Recommendation</u>

The parties jointly agree to recommend the following sentence before the Court:

    (a)    incarceration for a combined period of 7 years;

    (b)    a fine within the Guidelines sentencing range as calculated by the parties in Paragraph 3, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c)    36 months of supervised release;

    (d)    a mandatory special assessment of $300;

    (e)    restitution of at least $368,000, as described below; and

    (f)    forfeiture as set forth below.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not

later than 21 days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least 21 days before sentencing shall be deemed waived.

5.  Restitution

Defendant agrees that restitution in this case is mandatory under 18 U.S.C. § 3663A(b)(1) (offense resulting in the loss of property), that he will pay restitution jointly and severally with his co-conspirators, and that the amount of restitution that he will pay shall include (a) the value of all money, gift cards, and goods of which the conspirators defrauded the victim stores or credit companies, which the United States currently estimates to be at least $368,000, and which value may increase as victims respond during the presentence investigation, and (b) the value of any expenses incurred by victims during participation in the investigation or prosecution of the offenses or attendance at proceedings related to the offenses, under 18 U.S.C. § 3663A(b)(4), which shall include fees for private investigators, credit reports, or credit-repair or credit-monitoring services.

6.  Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7.  Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $1,000;

(b) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $2,500 per month; and

(c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

8.     <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>.

    (a)     Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that he may, in some circumstances, be able to argue in a future (collateral) challenge, such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582(c), that his conviction should be set aside or his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

    (b)     Defendant waives any right he has to challenge his conviction on direct appeal or in a collateral challenge.

    (c)     Defendant agrees that he will not file a direct appeal nor collaterally challenge any sentence of imprisonment of 116 months or less or any orders relating to supervised release, fines, forfeiture and restitution. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement.

    (d)     The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, the U.S. Attorney will not appeal any imprisonment sentence of 84 months or more.

    (e)     Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

9.     <u>Other Post-Sentence Events</u>

    (a)     In the event that, notwithstanding the waiver provision of Paragraph 8(c), Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in Paragraph 8).

    (b)     If, notwithstanding the waiver provision of Paragraph 8(c), Defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court

calculated at the time of Defendant's original sentencing, except to the extent that he has been found actually factually innocent of a prior crime. Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior conviction that occurs after sentencing unless he has been found actually factually innocent of that prior crime.

(c)  In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this Agreement.

10. Proffer

Defendant agrees that the U.S. Attorney's recommendation for a below-guideline sentence, as set forth above in Paragraph 4, is predicated in part upon the conditions that (a) Defendant make, at the earliest possible time after signing this agreement, a full, complete, and accurate proffer or, if needed, in the U.S. Attorney's sole discretion, series of proffers, regarding the lists of identity information that are the subjects of the offenses of conviction, and (b) Defendant make his best reasonable efforts to recover the fruits and instrumentalities of the offenses, including the lists. The parties agree that this proffer or series of proffers will be subject to the proffer letter dated May 6, 2013 ("proffer letter") and shall not qualify Defendant for relief under U.S.S.G. § 5K1.1 (substantial assistance to authorities). Should Defendant fail to fulfill these conditions, Defendant shall be in breach of this Agreement and the U.S. Attorney's remedies for this breach may include, in addition to those set forth in Paragraph 15, relieving the U.S. Attorney of her obligation to recommend a seven-year sentence. Defendant's breach of these conditions shall not, however, relieve him of making the sentencing recommendation of seven years that he agreed to above.

11. Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the Court. Within the minimum mandatory and maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the Court declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the Court declines to follow the U.S. Attorney's Sentencing Guidelines calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral challenge.

12.     Forfeiture

Defendant understands that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following: items seized by or turned over to the Federal Bureau of Investigation or the Framingham, Peabody, or Boston Police Departments on or about December 10, 2012, and February 5, 2013. Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds obtained directly or indirectly, as the result of the commission of the offenses, and/or were used or intended to be used to commit the offenses. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding. In order to assist the United States in locating and forfeiting assets, Defendant shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from June 2012 to the present. At the request of the U.S. Attorney, Defendant further agrees to be deposed with respect to Defendant's assets.

Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims he may have to any vehicles, currency,

or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

13. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

14. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, that Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

15. <u>Rejection of Plea by Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

16. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that Defendant may make, and any information, materials, documents or objects that Defendant may provide to the government subsequent to this Agreement, or pursuant to the proffer letter, without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

17. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

18. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter to be signed pursuant to Paragraph 10, above. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral, with the sole exception of those contained in the proffer letter to be signed pursuant to Paragraph 10, above (subject to Paragraph 15, above). This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Scott L. Garland.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
CYNTHIA A. YOUNG
Chief, Criminal Division
JAMES D. HERBERT
Deputy Chief, Criminal Division

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

William Dodge
Defendant

Date: 5/17/2013

I certify that William Dodge has read this Agreement and that we have discussed its meaning. I believe that he understands the Agreement and is entering into the Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

William Fick
Assistant Federal Public Defender
Attorney for Defendant

Date: 5-17-2013