UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 13-10139-JLT |
| ) | |
| WILLIAM DODGE, ) | |
| Defendant. ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**TAURO, D.J.**

WHEREAS, on May 8, 2013, the United States Attorney for the District of Massachusetts filed a three-count Information charging defendant William Dodge (the "Defendant"), with Conspiracy to Commit Access Device Fraud, in violation of 18 U.S.C. § 1029(b)(2) (Count One); Access Device Fraud, in violation of 18 U.S.C. §§ 1029(a)(2) and 2 (Count Two); and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A and 2 (Count Three);

WHEREAS, the Information also contained a forfeiture allegation which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One and Two of the Information, of any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as the result of the commission of the offense, pursuant to 18 U.S.C. § 982(a)(2)(B); and any personal property used or intended to be used to commit the offense, pursuant to 18 U.S.C. § 1029(c)(1)(C);

WHEREAS, the property to be forfeited includes, but is not limited to, items seized by or turned over to the Federal Bureau of Investigation on or about December 10, 2012, and February 5, 2013 (the "Properties");[1]

---

[1] The Properties have been specifically identified as one 16GB Apple iPad, Model A1416, bearing serial no. DMPJ39NEDJ8T; and one Garmin GPS, Model Nuvi 40LM, bearing serial no. 2HT231217.

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), to seek forfeiture of all other property of the Defendant, up to the value of the property described above;

WHEREAS, on May 22, 2013, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement that he signed on May 17, 2013;

WHEREAS, in Section 12 of the written plea agreement, the Defendant admitted that the Properties are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds obtained directly or indirectly, as the result of the commission of the offenses, and/or were used or intended to be used to commit the offenses; and therefore, the Defendant consented to the forfeiture of all of his interests in the Properties;

WHEREAS, in light of the Defendant's guilty plea and admissions in the written plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C); and

WHEREAS, pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is

now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.   The Court finds, based upon the Defendant's guilty plea and admissions in his written plea agreement, that the government has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty. Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C).

2.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

3.   Pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

4.   Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

5.   Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2); the notice referred to above shall state: (a) that any person, other than the Defendant asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of

actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

7. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853(a), 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

                                                    JOSEPH L. TAURO  
                                                  United States District Judge

Date: 9/24/13

4