UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.          )<br>)<br>WILLIAM DODGE             )<br>         Defendant.         ) | Criminal No. 13-10139-JLT |

### FINAL ORDER OF FORFEITURE

**TAURO, D.J.**

WHEREAS, on May 8, 2013, the United States Attorney for the District of Massachusetts filed a three-count Information charging defendant William Dodge (the "Defendant"), with Conspiracy to Commit Access Device Fraud, in violation of 18 U.S.C. § 1029(b)(2) (Count One); Access Device Fraud, in violation of 18 U.S.C. §§ 1029(a)(2) and 2 (Count Two); and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A and 2 (Count Three);

WHEREAS, the Information also contained a forfeiture allegation which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One and Two of the Information, of any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as the result of the commission of the offense, pursuant to 18 U.S.C. § 982(a)(2)(B); and any personal property used or intended to be used to commit the offense, pursuant to 18 U.S.C. § 1029(c)(1)(C);

WHEREAS, the property to be forfeited includes, but is not limited to, items seized by or turned over to the Federal Bureau of Investigation on or about December 10, 2012, and February 5,

2013 (the "Properties");[1]

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), to seek forfeiture of all other property of the Defendant, up to the value of the property described above;

WHEREAS, on May 22, 2013, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement that he signed on May 17, 2013;

WHEREAS, in Section 12 of the written plea agreement, the Defendant admitted that the Properties are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds obtained directly or indirectly, as the result of the commission of the offenses, and/or were used or intended to be used to commit the offenses, and therefore, the Defendant consented to the forfeiture of all of his interests in the Properties;

WHEREAS, on September 24, 2013, this Court issued a Preliminary Order of Forfeiture against the Properties, pursuant to 18 U.S.C. §§ 982 and 1029, and Rule 32.2 of the Federal Rules of Criminal Procedure;

---

[1] The Properties have been specifically identified as one 16GB Apple iPad, Model A1416, bearing serial no. DMPJ39NEDJ8T; and one Garmin GPS, Model Nuvi 40LM, bearing serial no. 2HT231217.

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties, including personal service upon the Defendant, and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on September 28, 2013, and ending on October 27, 2013; and

WHEREAS, no claims of interest in the Properties have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Properties, and they are hereby forfeited to the United States of America pursuant to 21 U.S.C. § 853(a), 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C), and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

3. All other parties having any right, title or interest in the Properties are hereby held in default.

4. The United States Marshals Service is hereby authorized to dispose of the Properties in accordance with applicable law.

JOSEPH L. TAURO
United States District Judge

Date: 12/19/2013